**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KENDRIC CECIL ARMSTRONG,** | § | |
| **TDCJ No. 00676312,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-22-CA-0328-FB** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Kendric Cecil Armstrong's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 5), and petitioner's Reply (ECF No. 7) thereto. Petitioner challenges the constitutionality of his 1994 state court murder conviction, arguing: (1) he is actually innocent of the charged offense, (2) the State knowingly used false testimony to obtain a conviction, (3) his trial and appellate counsel rendered ineffective assistance, and (4) the evidence was insufficient to support a conviction. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely. Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In January 1994, petitioner was convicted of one count of murder and sentenced to forty years of imprisonment. *State v. Armstrong*, No. 92CR6425 (187th Dist. Ct., Bexar Cnty., Tex. Jan. 27, 1994); (ECF No. 6-2 at 188-90). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Armstrong v. State*, No. 04-94-00256-CR (Tex. App.—San Antonio, June 14, 1995, no. pet.); (ECF No. 6-20). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 6-23).[1]

Instead, petitioner challenged his conviction and sentence by filing a state habeas corpus application on March 24, 1997. *Ex parte Armstrong*, No. 36,449-01 (Tex. Crim. App.); (ECF No. 6-25 at 27). The Texas Court of Criminal Appeals denied the petition without written order on March 11, 1998. *Id*. at 1. Petitioner then waited until June 2020 to file a second state habeas application challenging his conviction and sentence which was ultimately denied by the Texas Court of Criminal Appeals without written order in April 2021.[2] *Ex parte Armstrong*, No. 36,449-03 (Tex. Crim. App.); (ECF Nos. 6-27, 6-28 at 19). Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on March 17, 2022. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends the allegations raised in petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[1] *See also* http://www.search.txcourts.gov, search for "Armstrong, Kendric" last visited July 6, 2022.

[2] During this time, petitioner's request for mandamus relief was also rejected by the Texas Court of Criminal Appeals in September 2001. *Ex parte Armstrong*, No. 36,449-02 (Tex. Crim. App.); (ECF No. 6-26).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final July 14, 1995, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. No. 104–132, 110 Stat. 1217. As a result, the limitations period under § 2244(d) for petitioner to file a federal habeas petition challenging his underlying conviction expired a year later on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief).

Petitioner did not file his § 2254 petition until March 17, 2022—almost twenty-five years after the limitations period expired. Thus, his petition is barred by AEDPA's one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A. Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition.

28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas application on March 24, 1997, which was eventually denied by the Texas Court of Criminal Appeals on March 11, 1998. Accordingly, petitioner's first state habeas application tolled the limitations period for a total of 353 days, making his federal petition due Monday, April 13, 1998.[3] Although petitioner is entitled to statutory tolling under § 2244(d)(2) for the first state habeas application he filed, the second state habeas application he filed does not afford him the same courtesy. This application was not filed until June 2020, well after the time for filing a federal petition under § 2244(d)(1) had already lapsed. As a result, the second application does not toll the one-year limitations period.[4] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th

---

[3] Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

[4] Petitioner's mandamus request, filed in July 2001, was also filed well after the limitations period expired and consequently does not toll the limitations period. Even if filed earlier, petitioner's request for mandamus relief would not warrant tolling because it did not seek review of the underlying judgment. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.").

Cir. 2000). Petitioner's limitations period for filing a federal petition therefore still expired April 13, 1998. Again, he did not file the instant § 2254 petition until March 2022—almost twenty-four years too late.

**B. Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in petitioner's federal petition concern the constitutionality of his January 1994

conviction and sentence, yet petitioner did not submit his first state habeas corpus application challenging the conviction until March 1997, well after his conviction had become final and eleven months after the enactment of the AEDPA. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Further, petitioner has not provided any legitimate reason why he waited another twenty-two years after the Texas Court of Criminal Appeals denied his first state habeas application in March 1998 before filing his second state habeas application. He similarly provides no explanation for why he waited another eleven months after the denial of his second state habeas application in April 2021 before filing the instant federal petition.

In short, petitioner fails to establish that his claims could not have been discovered and presented much earlier. Because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

**C. <u>Actual Innocence</u>**

Finally, petitioner contends that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding

standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to argue that certain evidence presented at his trial—medical records, crime scene photos and police reports—all contradict the State's theory of the case and demonstrate that he was acting in self-defense. However, such conclusory assertions do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). To the contrary, petitioner cites evidence that was already presented to the jury to essentially challenge the sufficiency of the evidence. Such an allegation, unsupported by any argument or "newly-discovered evidence" that might call the jury's decision into question, is insufficient.

In addition to being conclusory and failing to establish his innocence, petitioner's arguments were already rejected by the state court during petitioner's second state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of petitioner's

federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[5]

**III. Certificate of Appealability**

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529

[5] To the extent petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by almost twenty-four years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Kendric Cecil Armstrong's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 7th day of July, 2022.

FRED BIERY
UNITED STATES DISTRICT JUDGE